# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**KILMER WAY LLC,**
      **Plaintiff,**

**v.**                                                           **Case No. 5:23-cv-507-JA-PRL**

**ASI PREFERRED INSURANCE CORP.,**
      **Defendant.**

## ORDER

This case is before the Court on Defendant's Notice of Removal (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Kilmer Way LLC, filed this case in state court on July 10, 2023. (*See* Doc. 1-1 at 5–9). Defendant then removed it to this Court, invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). But Defendant has not sufficiently alleged diversity of citizenship. In the Notice of Removal, Defendant asserts that "Plaintiff is a Limited Liability Corporation last incorporated in the State of Missouri," (Doc. 1 ¶ 7), and attaches the Articles of

Organization of Plaintiff, a limited liability *company*, (*see* Doc. 1-4). The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Neither the Notice of Removal nor its attachments identifies the members of Plaintiff or their citizenships.

Nor has Defendant adequately alleged its own citizenship. Defendant—"ASI Preferred Insurance Corp."—appears to be a corporation. "For the purposes of [28 U.S.C. § 1332] . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). In the Notice of Removal, Defendant describes itself as "a Florida company, with its statutory home office in St. Petersburg, Florida." (Doc. 1 ¶ 8). While this may be an attempt to identify Defendant's state of incorporation and principal place of business, it does not identify either.

Accordingly, it is **ORDERED** that **no later than August 31, 2023,** Defendant shall file an amended notice of removal establishing the citizenship of each party.

**DONE** and **ORDERED** on August 21st, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

2